NEW-YORK,

The People
*vs.*
Adam Pentz.

---

A witness for the prosecution is not bound to answer a question totaly irrelevant; but if he does answer, the opposite council may call testimony to contradict him.

## The People *vs.* Adam Pentz.    *Assault and Battery.**

THE defendant was indicted for an assault and battery committed on Henry C. Hedley, Esq. It appeared that the defendant was indebted to Mr. Hedley $50 or 60 for attor-

*This case and the following were kindly handed to the editor by Mr. Rodgers, the Editor and Proprietor of the City Hall Recorder.

ney's fees, and by reasons of some difference between them, had been in the habit of deriding and quarrelling with Mr. Hedley whenever he met him in the street. On the day laid in the indictment, the parties met in South street, when Pentz commenced the same strain of abuse. Hedley, in a mild manner, remonstrated with him, and told him it would be better if a settlement took place between them; meaning a settlement of accounts. Pentz seemed to be satisfied, and invited him into his shop, which was near for the purpose of settling accounts: and after he had entered, Pentz being a powerful man, assaulted him and beat him with considerable violence.

NEW-YORK,

The People
*vs.*
Adam Pentz.

In an assault aud battery after the defendant is convicted, if the prosecutor states an intention to commence or proceed in a civil suit, the Court will suspend the sentence.

Mr. Hedley, in his cross-examination, stated that he had done business for the defendant as an attorney, in prosecuting and defending suits; and among the rest he had prosecuted a suit for him against the trustees of the Baptist Church in Mulberry street, and obtained a judgment, which was set aside for irregularity; and that afterwards, on the refusal of Pentz to pay the amount of the bill due, in which the costs of that suit were included, he brought a suit in the Justices Court for its recovery, but was nonsuited for want of the testimony a clerk who was absent. He further stated in his cross-examination, that he had not been directed by Pentz, while prosecuting that suit, not to continue its prosecution; and that one of the grounds upon which the judgment was set aside, was that the defendants had not been returned summoned on the original; though he was informed by the deputy clerk that they were taken, and under that belief proceeded in the suit.

Peter Brewer was called as a witness for the defendant to prove, by way of contradicting the prosecutor, that Pentz ordered him not to proceed in the suit against the trustees.

NEW-YO K,

The People
vs
John Byrd.

*David Graham*, for the prosecution, objected to the testimony, on the ground that the fact relative to the suit in question was wholly irrelevant, and the opposite side must take the answer of the witness as he stated it, and ought not to be permitted to contradict it.

The *Recorder* held, that a witness on being asked a question totally irrelevant, is not bound to answer ; but having once answered, the party inquiring might produce contradictory testimony.

The *Recorder* directed the jury to convict the defendant, according to the testimony of his own witness, and recommended that affidavits in mitigation, should be laid before the Court.    The jury convicted him.    Hedley having stated to the Court his intention of commencing a civil action, the sentence of the defendant was suspended.